UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GLENN ARTHUR STICHT,

    Petitioner,

v.                                                Case No: 5:12-cv-685-Oc-27PRL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

    Respondents.[1]
_____/

## OPINION AND ORDER

This matter comes before the Court upon a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Glenn Arthur Sticht ("Petitioner), who is presently confined at the Marion Correctional Institution in Lowell, Florida (Doc. 1). Petitioner, proceeding *pro se*, attacks the convictions and sentences entered by the Fifth Judicial Circuit Court for Marion County, Florida in case number 42-2008-CF-003181 for one count of burglary of a conveyance with battery and one count of aggravated assault with a deadly weapon. *Id.* Respondent filed a response to the petition, and Petitioner filed a reply and a supplemental reply (Doc. Nos. 5, 7, 17).

Petitioner raises two claims of ineffective assistance of appellate counsel. He asserts that appellate counsel was ineffective for: (1) failing to argue on direct appeal that the state filed a false information based on unsworn testimony; and (2) failing to argue on direct appeal that fundamental error occurred because Petitioner consistently proclaimed his innocence (Doc. 1 at 4-5).

---

[1] There "is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). This is "the person with the ability to produce the prisoner's body before the habeas court." *Id.* at 435-36. When the petitioner is incarcerated and challenges his present physical confinement, "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." *Id.* at 436 (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Upon due consideration of the record, the Court concludes that the petition must be denied. Because the petition can be resolved on the basis of the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

### I. Background

On December 8, 2010, Petitioner was charged by information with one count of burglary of a conveyance with battery and one count of aggravated battery with a deadly weapon (App. A at 4).[2] He was tried by a jury and found guilty as charged on the first count and guilty of the lesser included offense of aggravated assault with a deadly weapon on the second count (App. A at 110-111). Petitioner was sentenced to seven and a half years in prison on count one and to a concurrent term of five years in prison on count two (App. A at 192-96). Florida's Fifth District Court of Appeal *per curiam* affirmed Petitioner's convictions and sentences (App. H); *Sticht v. State*, 88 So. 3d 959 (Fla. 5th DCA 2012).

On June 26, 2012, Petitioner filed a petition alleging ineffective assistance of appellate counsel in which he raised two claims (App. J). On September 24, 2012, Florida's Fifth District Court of Appeal denied the petition on the merits (App. K; App. M).

The instant petition was signed by Petitioner on December 21, 2012 (Doc. 1).

### II. Governing Legal Principles

#### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

---

[2] Unless otherwise noted, citations to appendices (App. __ at __) refer to those filed by Respondent on March 20, 2013.

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *White*, 134 S.Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous,"

3

rather, it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155. Petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)).

Finally, the Supreme Court has stated that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g. Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013); *Miller–El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

B.  **Standard for Ineffective Assistance of Counsel**

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

As to the prejudice prong of the *Strickland* standard, Petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* At 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The Eleventh Circuit has applied the *Strickland* test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *See Orazio v. Dugger*, 876 F.2d 1508 (11th Cir. 1989). Therefore, in order to succeed on an ineffective assistance of appellate counsel claim, a petitioner must show that his appellate counsel's performance was deficient and that this performance prejudiced the defense. *Strickland*, 466 U.S. at 687. In *Cross v. United States,* 893 F.2d 1287 (11th Cir. 1990), the Eleventh circuit held that in order to determine prejudice, the court must first perform a review of the merits of the omitted or poorly presented claim. *Id.* at 1290. If the Court finds that the neglected claim would have a reasonable probability

5

...

of success on appeal, a district court would find "appellate counsel's performance prejudicial because it affected the outcome of the appeal." *Id.*

### III. Discussion

#### A. Claim One

Petitioner asserts that "[t]he felony information filed by the State, and used as basis for probable cause, which in turn provided jurisdiction for the Court to sentence Petitioner, was certified under oath by the State Prosecutor to be based upon having received testimonies under oath from witnesses consisting a '*Brady*'[3] violation, since the State did not have any said testimonies, and based on its own disclosures, failed to disclose that fact to the Defense or the Court." (Doc. 1 at 4). Petitioner asserts that he does not challenge the "information, who verified it, who signed it, or even whether the Prosecutor had any sworn testimonies in support[.]" Doc. 1 at 11). Rather, Petitioner's claim appears to be predicated solely upon his confusing assertion that, because the record does not contain *written* copies of sworn affidavits from material witnesses, the state attorney could not have "received" testimony under oath from any material witness, and the facts upon which the information was based could not, therefore, be true (Doc. 1 at 11; App. J at 4).[4] Petitioner asserts that he was prejudiced by appellate counsel's failure because "had the

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

[4] In reply to the state's response to his state habeas petition, Petitioner argued:

> The Respondent failed to address the core arguments made by Petitioner, and misrepresented the arguments by emphasizing that Petitioner is challenging the State's felony Information, when in fact Petitioner made it absolutely clear that the basis for his argument is not the content of the Information, who signed it, or verified it, (Fla. R. Crim. P. Rule 3.140(g)), but specifically stated that his claim is based on the gravamen fact that the State conditioned and predicated the truthfulness of its facts upon having 'received testimony under oath from the material witness or witnesses of the offense.' That is a 'condition' the State placed upon itself to assert and aver its own facts, as when it stated 'The allegations as set forth in the foregoing Information are based upon facts that have been sworn to as true, and which if true.' Therefore, if the State did not 'receive' the testimonies, then its 'facts,' as stated are not true.

6

prosecutor been unable to produce the sworn testimonies, he would have had to dismiss the information[.]" (Doc. 1 at 4).

Petitioner raised this claim as ground one of his state habeas petition alleging ineffective assistance of appellate counsel (App. J). The state filed an answer brief in which it argued that this claim was not preserved for appellate review because Petitioner failed to object to the information prior to entering his plea of not guilty (App. K at 4-5). The state also argued that the claim lacked merit because the information was based upon the sworn arrest affidavit of a deputy with the Marion County Sheriff's Office. *Id.* Florida's Fifth District Court of Appeal denied the petition on the merits, citing, without explanation, *Topps v. State*, 865 So. 2d 1253 (Fla. 2004). Petitioner does not explain how the state court's denial of this claim was contrary to *Strickland* or was based upon an unreasonable determination of the facts. Rather, Petitioner states that "[i]n its denial of the Petition for Ineffective Assistance of Appellate Counsel, the District Court did so without clear indication on how or why it reached its decision, and totally ignored the basic ground for the argument and claim: Fraud and Perjury." (Doc. 1 at 16). Upon review of the record, the Court concludes that Petitioner is not entitled to habeas relief on claim one.

Pursuant to Florida Statue § 923.03, "[a]n information shall be . . . signed by the state attorney who shall also append thereto the oath of the state attorney[.]" Fla. Stat. § 923.03(2).[5] The information under which Petitioner was charged contained the required sworn oath of the

---

(App. L at 1-2).

[5] *See also* Rule 3.140(g) of the Florida Rules of Criminal Procedure which provides in pertinent part:

> (g) Signature, Oath, and Certification; Information. An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense.

Fla. R. Crim. P. 3.140(g).

assistant state attorney (App. A at 4). Petitioner asserts, without support, that the assistant state attorney failed to "receive" sworn testimony from the material witnesses prior to commencing the prosecution (Doc. 1 at 11). It is unclear to the Court why Petitioner believes this statement to be true.[6] The Court notes that Petitioner's allegation that the record does not include sworn written affidavits from the material witnesses does not establish that the assistant state attorneys failed to obtain sworn testimony from material witnesses prior to commencing the prosecution. "In Florida, there is no requirement that sworn affidavits be attached to the arrest report. Nor is there a requirement that sworn affidavits be attached to the information." *Bromell v. McNeil*, Case No. 07-61917-CIV, 2008 WL 4540054, at *17 (S.D. Fla. 2008) (citing *State v. Bacon*, 385 So.2d 1160, 1163 (Fla. 2nd DCA 1980)). Indeed, Rule 3.140(g) does not even mandate that the charging information be supported by *written* sworn statements of the material witnesses. *See State v. Bacon*, 385 So.2d 1160, 1163 (Fla. 2d DCA 1980) (information need not be supported by the sworn affidavit of some person who knows the facts and will testify at trial.); *State v. Hartung*, 543 So.2d 236, 237 (Fla. 5th DCA 1989) ("[T]he testimony of such witnesses may be sworn to before anyone authorized to administer oaths and their testimony under oath may be given out of the presence of the state attorney or his designated assistant, and that sworn testimony documented or evidenced stenographically or electronically in the form of affidavits, depositions, video tapes, magnetic tapes, **or otherwise**, and the evidence of the sworn testimony of such material witnesses may be 'received' and considered by the state attorney or his designated assistant who may then properly certify that he has 'received testimony under oath from the material witness or witnesses for the offense' as provided in [Florida Rule of Criminal Procedure 3.140(g)].") (emphasis added).

---

[6] On March 24, 2014, Petitioner filed a "Petition for Writ of Scire Facias" in this Court (Doc. 13) in which he appeared to argue that the record does not contain any affidavits from any witness or material witness. *Id.* at ¶ 1. Petitioner seems to believe that the state's failure to include affidavits in the record means that the affidavits do not exist. *Id.* at ¶ 2. Petitioner asserts that "if the Respondents produce the evidence, then that should nullify [Petitioner's] argument and the court should deny [this] petition. On the other hand, if the Respondents fail to produce the ordered material exculpatory evidence, then this court should grant Petitioner's petition for writ of habeas corpus[.]" *Id.*

To show deficient performance under *Strickland*, Petitioner would have to show that the assistant state attorney did not receive sworn testimony from a material witness, in any form, before commencing the prosecution; that appellate counsel knew the prosecutor had not received such testimony; and that no reasonable appellate counsel would have failed to pursue this claim on direct appeal. Other than Petitioner's speculation, there is no indication in the record that sworn testimony from a material witness was not received by the state attorney, and Petitioner does not assert that his appellate counsel was aware of any alleged deficiency in the information. Accordingly, Petitioner cannot satisfy the first prong of *Strickland*. *See Sairras v. Fla. Dep't of Corr.*, 496 F. App'x 28, 33 (11th Cir. 2012) (rejecting similar ineffective assistance of trial counsel claim because there was no indication in the record that sworn testimony from a material witness was not received by the assistant state attorney before commencing prosecution and Sairras did not assert that his trial counsel was aware of the alleged deficiency) *see also Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

The state court's rejection of claim one was neither contrary to, nor an unreasonable application of *Strickland*, nor was the ruling based on an unreasonable determination of the facts in light of the record before the state court. Petitioner is not entitled to federal habeas relief on claim one.

B.  **Claim Two**

Petitioner asserts that "[f]rom the inception of his prosecution, Petitioner consistently proclaimed his innocence from the charges made against him by the State, and consistently maintained that the State did not have its witnesses, nor has it been able to prove its case against him beyond a reasonable doubt. Appellate Counsel failed to raise that argument on appeal." (Doc.

1 at 5). Although Petitioner asserts in his petition that he raised this claim on direct appeal, he did not do so.[7] On direct appeal, Petitioner raised two claims of trial court error and one claim of prosecutorial misconduct (App. E). In his petition alleging ineffective assistance of appellate counsel, Petitioner argued that appellate counsel erred by failing to raise as error the trial court's use of his continued protestation of his innocence at sentencing (App. J).

Respondent contends that Petitioner's claims are unexhausted because he did not raise this claim in state court (Doc. 5 at 7). Petitioner replies that "he did exhaust his remedies in State Courts, since it was raised in both the Petition Alleging Ineffective Assistance of Appellate Counsel, as well as his petition for writ of habeas corpus in this Court, albeit with minor modifications, yet without affecting the basic fundamental claim made in both petitions: his innocence." ((Doc. 7 at 4). The Court agrees that claim two is unexhausted.

A petitioner must present each claim to a state court before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1996) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Petitioner's state habeas claim – that appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred by using against Petitioner his continued protestation of innocence at sentencing – is not the same claim as is raised in the instant petition. In the instant case, Petitioner argues that appellate counsel failed to argue on direct appeal Petitioner's actual innocence. The instant claim is therefore unexhausted because it was not presented to the state courts. *See Picard*, 404 U.S. at 276 (To exhaust a claim, a habeas petitioner must "present the state courts with the same claim he urges upon the federal courts."). Consequently, claim two is procedurally defaulted. *Coleman v. Thompson*, 501 U.S.

---

[7] Nor would it have been logical to raise a claim of ineffective assistance of appellate counsel on direct appeal.

10

722, 735 n. 1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes).

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) (internal quotation marks omitted). To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

Petitioner does not allege cause for his failure to raise this claim in his state habeas petition. Accordingly, the only issue before the Court is whether Petitioner's assertion of actual innocence excuses his failure to exhaust claim two and lifts the procedural bar. When a habeas petitioner asserts actual innocence in this situation, he must show that his conviction probably resulted from a constitutional violation. *Arthur v. Allen*, 452 F.3d 1234, 1246 (11th Cir. 2006). He "meets the 'probably resulted' standard by demonstrating, based on the new evidence, 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)). Thus, "[t]o be credible ... a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable

11

evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

A claim of actual innocence necessarily requires the presentation of new evidence. Without new evidence, there is no review of the merits of the constitutional claim. *Arthur*, 452 F.3d at 1245. Here, Petitioner does not present any new evidence. Rather, he argues, without detail or explanation, that he is innocent. This is an issue of evidentiary sufficiency, not actual innocence, which the Court does not even get to unless Petitioner presents new evidence raising "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 317; *see also Bousley v. United States*, 523 U.S. 614, 624 (1998) (actual innocence means factual innocence, not "mere legal insufficiency"). Because Petitioner has not presented any new evidence of his "actual innocence," the exception to the procedural bar does not apply, and claim two is barred from federal habeas review.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. **Certificate of Appealability**[8]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional

---

[8] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Florida Attorney General is **DISMISSED** from this action as a named Respondent;

2. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Glenn Arthur Sticht (Doc. 1) is **DENIED**;

3. This case is **DISMISSED** with prejudice;

4. Petitioner is **DENIED** a certificate of appealability; and

5. The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on this 25th day of February, 2015.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Glenn Arthur Sticht
Counsel of Record